BOBBY LAYMAN CHEVROLET, INC., Appellee,

v.

SPIRE MOTOR COMPANY, Defendant and Third–Party Appellant;
McLuney Auto Auction, Inc. et al., Third–Party Defendants.

[Cite as *Bobby Layman Chevrolet, Inc. v. Spire Motor
Co.*, 157 Ohio App.3d 13, 2004-Ohio-2025.]

Court of Appeals of Ohio,
Fourth District, Washington County.

No. 03CA57.

Decided April 9, 2004.

**14**

Jim D. Fox, for appellant.

Charley Hess, for appellee.

———————

KLINE, Presiding Judge.

{¶ 1} Spire Motor Company ("Spire") appeals from the Washington County Court of Common Pleas' decision granting judgment to Bobby Layman Chevrolet, Inc. ("Layman Chevrolet") and dismissing Spire's counterclaim against Layman Chevrolet. Spire contends that the trial court erred in relying upon *Saturn of Kings Automall, Inc. v. Albert Leasing, Inc.* (2001), 92 Ohio St.3d 513, 751 N.E.2d 1019, and asserts that the common law governing principals and agents should control here. We agree, because the Certificate of Title Act does not prevent a court from ordering a title holder to transfer title to a vehicle if the holder has bound himself to do so through an agent. Accordingly, we sustain Spire's assignment of error and reverse the judgment of the trial court.

**I**

{¶ 2} The parties stipulated to the facts in this case. Layman Chevrolet is a motor vehicle dealer and the holder of the Ohio Certificates of Title to a 1996 Ford Probe and a 1995 Ford Windstar. Layman Chevrolet caused these vehicles to be delivered to McLuney Auto Auction ("McLuney") and directed McLuney to sell the vehicles at auction. McLuney, acting as Layman Chevrolet's agent, sold the vehicles to Spire for $3,530. Spire paid $3,530 to McLuney for the vehicles and took possession of them. Shortly thereafter, McLuney went out of business and failed to pay Layman Chevrolet for the vehicles. Layman Chevrolet refuses to transfer the title to the vehicles to Spire or return the purchase price to Spire.

{¶ 3} Layman Chevrolet filed a complaint in replevin and for money damages against Spire. Spire filed an answer, counterclaim, and a third-party complaint against McLuney. McLuney confessed judgment. The trial court granted judgment in favor of Layman Chevrolet and dismissed Spire's counterclaim. Spire appeals, asserting the following assignment of error: "The trial court erred by granting judgment in favor of plaintiff and against defendant-appellant."

**II**

{¶ 4} Spire contends that the trial court erred in finding that *Saturn* is dispositive in this case and disputes the trial court's finding that the facts here match the *Saturn* facts on "all fours." In *Saturn*, two dealers held titles to some vehicles that they sold to another dealer, Gallatin. Gallatin took possession of the vehicles without paying the title holders. Gallatin then sold the vehicles to a

third party, Albert Leasing, and received payment for them. When Albert Leasing could not get title to the vehicles, it sued.

{¶ 5} The title holders in *Saturn* argued that they were entitled to retain the titles to the vehicles pursuant to the Certificate of Title Act, and in particular R.C. 4505.04, which provides that legal ownership of a vehicle can be acquired only by obtaining title.[1] Albert Leasing argued that R.C. 4505.04 is not absolute and does not control situations involving entrustment of a motor vehicle pursuant to Ohio's version of the Uniform Commercial Code, specifically R.C. 1302.44. R.C. 1302.44 provides: "(B) Any entrusting of possession of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in ordinary course of business. (C) 'Entrusting' includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." Albert Leasing argued that the title holders entrusted the vehicles to Gallatin, which gave Gallatin the power to transfer the title holders' interests in the vehicles.

{¶ 6} The *Saturn* court ruled that R.C. 4505.04 controlled, and that the title holders' claims of ownership pursuant to R.C. 4505.04 were superior to Albert Leasing's claim of ownership pursuant to R.C. 1302.44. In so holding, the court did not find that the title holders had not entrusted the vehicles to Gallatin. Rather, the court simply concluded that "[i]n determining competing claims of ownership of a motor vehicle, R.C. 4505.04 controls over the provisions of the Uniform Commercial Code." *Saturn* at syllabus.

{¶ 7} Spire contends that *Saturn* is distinguishable from the instant case because the relationship between Layman Chevrolet and McLuney is different from the relationship between the *Saturn* title holders and Gallatin. Specifically, Spire notes that the title holders actually sold their vehicles to Gallatin, without directing Gallatin to sell the vehicles to a third party. In contrast, Layman Chevrolet entered into an agency relationship with McLuney, whereby it directed McLuney to sell its vehicles. Thus, Spire asserts that R.C. 1302.44 controls the competing claims of ownership here.

---

1. R.C. 4505.04(A) provides: "No person acquiring a motor vehicle from its owner, whether the owner is a manufacturer, importer, dealer, or any other person, shall acquire any right, title, claim, or interest in or to the motor vehicle until there is issued to the person a certificate of title to the motor vehicle, or delivered to the person a manufacturer's or importer's certificate for it; and no waiver or estoppel operates in favor of such person against a person having possession of the certificate of title to, or manufacturer's or importer's certificate for, the motor vehicle, for a valuable consideration."

{¶ 8} While Spire's distinction at first glance appears significant, an examination of the statute underlying Spire's claim reveals that it is, in fact, a distinction without a difference. The definition of "entrusting" provided by R.C. 1302.44(C) states that a vehicle is deemed entrusted "regardless of whether the procurement of the entrusting or the possessor's disposition of the goods have been such as to be larcenous under the criminal law." Thus, R.C. 1302.44 specifically disregards the relationship between the entruster and the possessor, and applies to *any* entrusting" of possession of goods. (Emphasis added.) R.C. 1302.44(B). Under this definition of "entrust," the *Saturn* title holders entrusted their vehicles to Gallatin just as Layman Chevrolet entrusted its vehicles to McLuney.

{¶ 9} As we noted above, the *Saturn* court did not find in the title holders' favor by reasoning that the title holders had not entrusted their vehicles to Gallatin. Rather, the court held that despite the apparent entrustment, the provisions of the Certificate of Title Act controlled over the provisions of the Uniform Commercial Code. Because the court's decision did not turn upon the relationship between the title holders and the seller, the court's holding that R.C. 4505.04 controls over R.C. 1302.44 is equally applicable to the facts before us.

{¶ 10} However, our analysis in this case does not end with determining whether R.C. 4505.04 controls over R.C. 1302.44. Spire also asserts that common law governing principal and agent relationships should control in this case. Indeed, R.C. 4505.04 " 'was not meant to, and does not, prevent a court of equity from ordering the title be transferred if the holder has bound himself to do so, directly or through an agent.' " *Fuqua Homes, Inc. v. Evanston Bldg. Loan Co.* (1977), 52 Ohio App.2d 399, 403, 6 O.O.3d 440, 370 N.E.2d 780, quoting *Levin v. Nielsen* (1973), 37 Ohio App.2d 29, 33, 66 O.O.2d 52, 306 N.E.2d 173. See, also, *Natl. City Bank, Akron v. Jim Pritz Ford, Inc.* (Sept. 4, 1990), Tuscarawas App. No. 90AP020015, 1990 WL 139718; and *Carnegie Fin. Corp. v. Akron Natl. Bank Trust Co.* (1976), 49 Ohio App.2d 321, 325, 3 O.O.3d 387, 361 N.E.2d 504 (holding that R.C. 4505.13[B] does not protect the title holder against a buyer's claim where the title holder knew that the seller was offering the vehicle for sale).

{¶ 11} Here, Layman Chevrolet stipulates that it directed McLuney to sell the vehicles in question, and that McLuney was acting as its agent when it did so. Through McLuney's act of offering the vehicles for sale and accepting payment for them, Layman Chevrolet bound itself to transfer the titles to the vehicles. Even though, pursuant to *Saturn*, the Certificate of Title Act protects Layman Chevrolet from an obligation to transfer title pursuant to an entrustment theory, the law does not protect Layman Chevrolet from the obligations it accepted by appointing McLuney as its agent and directing McLuney to sell the vehicles. Thus, while we agree with the trial court that *Saturn* applies here to require application of R.C. 4505.04 over application of R.C. 1302.44, we find that

the trial court erred in entering judgment in favor of Layman Chevrolet and against Spire because Layman Chevrolet stipulated to its agency relationship with McLuney.

{¶ 12} Accordingly, we sustain Spire's sole assignment of error, reverse the judgment of the trial court, and remand this case to the trial court for entry of a judgment consistent with this opinion.

Judgment reversed
and cause remanded.

PETER B. ABELE, J., concurs.

HARSHA, J., concurs in judgment only.